UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-60206-CR-Gayles/Reinhart

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHRISSANO S. LESLIE,

    Defendant.
_____/

REPORT AND RECOMMENDATION ON MOTION FOR RETURN OF
PROPERTY (ECF No. 43)

Before the Court is Defendant Chrissano S. Leslie's Motion for Return of Property (the "Motion"). This matter was referred to me by the Hon. Darrin P. Gayles. ECF No. 49. Having considered the Motion, the Government's Responses (ECF Nos. 48, 51), and otherwise being fully advised, I recommend that the Motion be DENIED as moot and without prejudice.

Mr. Leslie was indicted on August 9, 2016, for one count of Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. § 846 (Count I), one count of Possession with Intent to Distribute of a Controlled Substance in violation of 21 U.S.C. § 841 (Count II), one count of Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(h) (Count III), one count of Fraud in Connection with Access Devices in violation of 18 U.S.C. § 1029(a)(3) (Count IV), and two counts of Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1) (Counts V and VI). ECF No. 11. On October 27, 2016, Mr. Leslie pled guilty to Counts I, III, IV, and V of

1

the indictment in exchange for dismissal of Counts II and VI. ECF No. 19. On May 2, 2017, Mr. Leslie was sentenced to imprisonment for a term of 70 months followed by 3 years supervised release. ECF No. 40.

Mr. Leslie filed the instant Motion *pro se* on April 19, 2021, while still incarcerated. ECF No. 43. In his Motion, Mr. Leslie moved, under Federal Rule of Criminal Procedure 41(g) for the return of property seized in a search of his home on July 27, 2016. The parties agreed that the DEA seized from Mr. Leslie (1) electronics, (2) a wallet containing U.S. currency and cards, (3) firearms and ammunition, and (4) a Bitcoin wallet. The Government did not oppose returning the electronics, the wallet and its contents, and the Bitcoin wallet, so that issue became moot. ECF Nos. 48 at 7–9, 50 at 2. The Government administratively forfeited the firearms and ammunition. Mr. Leslie received proper notice of the administrative forfeiture proceedings and did not file a motion through the proper channels set out in 18 U.S.C. § 983(e). ECF Nos. 48-2, 50 at 3. Therefore, he was procedurally barred from challenging the forfeiture.

In a previous Order, I found that the Government should return the wallet to Mr. Leslie because it had not initiated a timely forfeiture proceeding against any money found in Mr. Leslie's wallet. However, the parties disputed how much money was in the wallet when it was seized. Mr. Leslie asserted that $7,535 was in the wallet. ECF No. 43 at 2. The DEA search warrant inventory stated only that "1 wallet" was seized but did not indicate the contents of the wallet. ECF No. 48-1 at 2. I took the matter under advisement and ordered supplemental briefing from the

Government to submit any additional evidence clarifying how much money was in the wallet when it was seized. ECF No. 50 at 4. The Government submitted a declaration from DEA Special Agent Lilita N. Infante, which stated that only $2.00 was in Mr. Leslie's wallet when it was seized, and the $2.00 was subsequently returned to Mr. Leslie's mother. ECF No. 51-1.

On July 7, 2021, I notified the parties that because of the factual dispute between them about the amount of money seized from Mr. Leslie, I would be scheduling an evidentiary hearing to hear testimony to resolve the factual dispute. ECF No. 54. On July 26, 2021, I appointed counsel Jessica Albert, Esq. through the Court's Attorney Volunteer Program to represent Mr. Leslie going forward.

We have since learned that on July 30, 2021, Mr. Leslie was released from custody and was subsequently deported to Jamaica on August 26, 2021. Despite diligent efforts, Ms. Albert was not able to confer with Mr. Leslie before his deportation. In light of Mr. Leslie's deportation and the Court's inability to resolve this dispute without Mr. Leslie and his testimony regarding the contents of his wallet, I recommend that the Motion for Return of Property be DENIED as moot and without prejudice.

WHEREFORE, it is **RECOMMENDED** that the Motion for Return of Property be **DENIED as moot and without prejudice**.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Darrin P. Gayles, United States District Court

Judge for the Southern District of Florida, within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) (providing that "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."); s*ee also* Fed. R. Civ. P. 72(b) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy"). Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND SUBMITTED** in Chambers this 18th day of January, 2022, at West Palm Beach in the Southern District of Florida.

_____
BRUCE REINHART
United States Magistrate Judge